## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARRY CHAMPAGNE** | * | **CIVIL ACTION NO.:** |
| Plaintiff | * | |
| **VERSUS** | * | **DISTRICT JUDGE** |
| **HOUMA TERREBONNE CARNIVAL CLUB INC. d/b/a KREWE OF HOUMAS and DYLAN BRUNET** | * | **MAGISTRATE JUDGE** |
| Defendants | * | |

## COMPLAINT

NOW COMES Plaintiff, BARRY CHAMPAGNE, a person of the full age of majority and a domiciliary and resident of The Woodlands, Montgomery County, Texas, who respectfully represents as follows:

I.

Made defendants herein are:

a. HOUMA TERREBONNE CARNIVAL CLUB INC. d/b/a KREWE OF HOUMAS ("HTCC-KOH"), a Louisiana corporation authorized to do and doing business in the State of Louisiana; and

b. DYLAN BRUNET ("Brunet"), a person of the full age of majority and a domiciliary and resident of Terrebonne Parish, Louisiana.

both of whom are justly and truly indebted jointly, severally, and in solido unto Plaintiff for all damages reasonable under the premises, with legal interest, and for all costs of these proceedings, for the following reasons.

II.

This court enjoys subject matter jurisdiction over this matter because complete diversity of citizenship exists between all plaintiffs and all defendants and the amount in

controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332.

III.

Venue is proper within the judicial district for reasons including the fact that all of the defendants are subject to personal jurisdiction in this judicial district.

IV.

On March 4, 2014, Plaintiff and Brunet were both riders on float #13 in the HTCC-KOH Mardi Gras Day parade in Houma, Louisiana.

V.

Brunet, who was riding on the float's upper deck was not wearing a safety harness during the ride. Either no harness was provided by HTCC-KOH, or Brunet negligently failed to secure himself to the harness, thus endangering himself, his fellow riders, and those persons on the ground enjoying the parade.

VI.

HTCC-KOH's Float #13 Captain, Charlie Pitre, who was intoxicated to the point of vomiting during the ride, failed to exercise his supervisory duties over the other float's riders and did not verify that the float's riders, including Brunet, were properly harnessed.

VII.

During the ride, Brunet, suddenly and without any warning, lost his balance and fell from the upper deck onto Plaintiff, who was positioned on the float's lower deck beneath Brunet.

VIII.

When Brunet fell, his body forcefully struck the left side of Plaintiff's head, neck, shoulder, back and left arm, knocking Plaintiff to the floor of the float where he smashed his right hand and other parts of his body.  The force of the blow from Brunet landing on Plaintiff was so severe that Plaintiff briefly lost consciousness.

IX.

Immediately following the incident, Plaintiff was taken off the float, and Dr. Robert Cazayoux and two nurse practitioners who happened to be at the scene administered first aid to him.  An ambulance then arrived; however, Plaintiff declined to go to the hospital, simply wanting to finish the parade, which was near the end, meet his wife when and where they had planned, and return home to Houston as soon as possible. He re-boarded the float, but sat down for the remainder of the route.

X.

When the float reached the end of the route, Plaintiff disembarked and found his wife.  When he saw her, Plaintiff broke down emotionally, recalling the fright of the incident, which was exacerbated by the memory of his close friend, Jeff Dishman, who died tragically after falling from a float during a Mardi Gras parade in 1998.  Plaintiff was riding on the float with Jeff Dishman when he fell.

XI.

Rather than stay in Houma for post-parade Mardi Gras festivities, Mr. and Mrs. Champagne returned immediately to Houston.  Mrs. Champagne had to drive because Plaintiff was in too much pain and was too distressed to drive.

XII.

As a result of Brunet falling onto him, in addition to the aforementioned emotional distress, Plaintiff sustained multiple bodily injuries, including but not limited to a left shoulder rotator cuff tear, injuries to his head, neck, back, left arm, and right hand, as well as various bruises, which injuries have required and will continue to require painful and prolonged medical treatment, including chiropractic care and physical therapy.

XIII.

Upon his return to Houston, Plaintiff promptly began treating for his injuries sustained during the parade incident. With respect to his physical injuries, Plaintiff has treated with a number of physicians and other health care providers, including his general practitioner, an orthopedist, a shoulder surgeon, a chiropractor, and a physical therapist. Plaintiff specifically notes that he is scheduled to undergo shoulder surgery on April 15, 2015 for the rotator cuff tear he sustained during the incident that has not resolved with conservative therapy.

XIV.

In addition to treating for his physical injuries, Plaintiff has sought treatment for his serious emotional distress with a licensed clinical social worker.

XV.

The injuries to Plaintiff and the damages suffered by Plaintiff were caused by the fault, negligence, and/or strict liability of defendants, rendering the defendants jointly, severally, and in solido liable unto Plaintiff under Louisiana law in the following non-exclusive respects:

1. <u>HTCC-KOH</u>:

    a. Failing to provide safety harnesses for all riders, including Brunet;

    b. Failing to ensure that all riders, including Brunet utilized their safety harnesses during the parade;

    c. Failing to establish safety procedures to protect riders against the risk of upper deck riders falling onto them during the parade;

    d. Failing to follow safety procedures designed to protect riders against the risk of upper deck riders falling onto them during the parade;

    e. Failing to establish procedures governing the conduct and duties of Float Captains;

    f. Failing to follow procedures governing the conduct of Float Captains during the parade;

    g. Failing to identify, remove, and replace an intoxicated Float Captain from Float #13 with a Float Captain who was capable of implementing the Krewe's safety procedures;

    h. Failing to provide a reasonably safe environment for float riders like Plaintiff;

    i. Failing to identify and warn Plaintiff of dangerous conditions on the float, including unharnessed upper deck riders;

    j. Failing to conduct adequate inspections, maintenance, and repairs on its floats so as to prevent dangerous conditions such as unharnessed upper deck riders;

    k. Failure to follow applicable procedures, guidelines, standards, and regulations; and

    l. Any and all other acts of negligence and/or strict liability, either through omission or commission which may be shown at time of trial, all of which acts of negligence and/or strict liability are in violation of the ordinances of the City of Houma and/or the Parish of Terrebonne, and/or the laws of the State of Louisiana, which are pleaded herein as if same were copied *in extenso*.

2. <u>BRUNET</u>:

    a. Failing to utilize his safety harnesses during the parade;

    b. Failing to follow HTCC-KOH safety procedures designed to protect riders against the risk of upper deck riders falling onto them during the parade;

    c. Failing to follow HTCC-KOH procedures governing the conduct of riders during the parade;

    d. Failing to maintain balance and/or self-control;

    e. Failing to follow applicable procedures, guidelines, standards, and regulations;

    f. failing to see what he should have seen and do what he should have done under the circumstances existing at the time of the incident in question; and

    g. Failing to act as a reasonable and/or prudent person would act under the same or similar circumstances, together with any and all other acts of negligence and/or strict liability, either through omission or commission which may be shown at time of trial, all of which acts of negligence and/or strict liability are in violation of the ordinances of the City of Houma and/or the Parish of Terrebonne, and/or the laws of the State of Louisiana, which are pleaded herein as if same were copied *in extenso*.

XVI.

HTCC-KOH is vicariously liable for any and all acts of negligence and/or strict liability, either through omission or commission, committed by its officers, members, and riders, including but not limited to Float Captain Pitre and member and/or rider Brunet, which may be shown at time of trial, all of which acts of negligence and/or strict liability are in violation of the ordinances of the City of Houma and/or the Parish of Terrebonne, and/or the laws of the State of Louisiana, which are pleaded herein as if same were copied *in extenso*.

XVII.

Due to the negligence of the Defendants, jointly, severally, and/or in solido, Plaintiff, BARRY CHAMPAGNE, was caused to suffer damages, including but not limited to the following:

a. Physical pain and suffering, past, present, and future;

b. Mental anguish and/or emotional distress, past, present, and future;

c. Medical expenses, including physicians' fees, surgery fees, physical therapy fees, chiropractic fees, etc., past present, and future;

d. Loss of enjoyment of life and/or lifestyle;

e. Loss of earnings;

f. Loss of earning capacity;

g. Other economic losses; and

h. Hedonic damages.

XVIII.

Plaintiff makes demand for all damages that are reasonable under the premises to compensate him for all physical pain and suffering; mental anguish and/or emotional distress; loss of enjoyment of life; loss of earnings; loss of earning capacity; other economic losses; hedonic damages; and for all medical expenses, including surgical, diagnostic testing, and rehabilitative expenses.

WHEREFORE, Plaintiff, BARRY CHAMPAGNE, prays that Defendants, HOUMA TERREBONNE CARNIVAL CLUB INC. d/b/a KREWE OF HOUMAS and DYLAN BRUNET, be duly cited and served with a copy of this Complaint, and that after all due proceedings are had, there be judgment rendered in favor of Plaintiff and against Defendants, jointly, severally, and/or in solido, for all damages as are reasonable under

the premises and all costs of these proceedings. Plaintiff further prays that all expert fees, travel expenses, and deposition expenses be taxed as costs and for all other general and equitable relief to which he is entitled.

Respectfully submitted, this 2nd day of March, 2015,

BrowneLaw, LLC

s/David L. Browne
David L. Browne, T.A. (Bar No. 20729)
Sherri L. Hutton (Bar No. 28369)
365 Canal Street - Suite 1000
New Orleans, Louisiana 70130
Ph: (504) 648-0171
Fax: (504) 648-0181
Email: dbrowne@brownelaw.com
         shutton@brownelaw.com

*Counsel for Plaintiff, Barry Champagne*