UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARRY CHAMPAGNE                                              CIVIL ACTION

VERSUS                                                       NO: 15-648

HOUMA TERREBONNE CARNIVAL CLUB,                              SECTION: "J"(4)
INC., ET AL.

**ORDER AND REASONS**

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 12)** filed by Defendants and an opposition thereto **(Rec. Doc. 17)** filed by Plaintiff. Defendants requested oral argument before this Court on January 27. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from personal injuries sustained by Plaintiff Barry Champagne ("Plaintiff") while riding in the Krewe of Houmas Mardi Gras Parade in Houma, Louisiana, on March 4, 2014. The Houma Terrebone Carnival Club, Inc., doing business as the Krewe of Houmas ("the Krewe"), is a Louisiana nonprofit corporation that sponsors the annual Krewe of Houmas Mardi Gras parade. (Rec. Doc. 12-6.) Each year, the Krewe distributes safety and conduct guidelines to its members, which include the stipulation that each rider must wear a harness during the parade. *Id.* The Krewe rules also provide that members should limit their alcohol intake "to a

1

respectable limit that allows them to control their own acts." (Rec. Doc. 12-3, at 40.)

Plaintiff, a resident of Spring, Texas, and a native of Houma, rode in the 2014 parade on a float captained by Charles Pitre, Jr. ("Pitre"). The night before the parade, the Krewe hosted a ball and provided its members with vodka, beer, and whiskey. The next day, the unconsumed alcohol was loaded onto the floats. On the day of the parade, the riders faced inclement weather, including rain and near-freezing temperatures, rendering the float and its contents wet. Because of the weather conditions, few spectators attended the parade, and the riders threw very few throws. As a result, the top of the float was covered with bags of beads throughout the parade.

Dylan Brunet ("Brunet"), a twenty-year-old member of the Krewe, rode on the same float as Plaintiff, alongside his father. According to Brunet, he wore a safety harness for the duration of the ride, except when he unharnessed himself to use the bathroom. He did this approximately two or three times without incident. Later, while the float was stopped, Brunet again unharnessed himself to use the bathroom. As he walked to the rear of the float, he slipped on a wet bag of beads and fell into the bead rack on the first level of the float. His feet and legs slammed into Plaintiff. According to Plaintiff, his injuries were severe and required surgery.

On March 2, 2015, Plaintiff filed suit in this Court against the Krewe and Brunet (collectively "Defendants"). Plaintiff alleged negligence and claimed that Brunet was not wearing a harness, either because Brunet negligently failed to do so or because the Krewe did not provide one. Plaintiff also claimed that float captain Pitre was intoxicated "to the point of vomiting" and did not ensure that the riders were wearing harnesses. Defendants filed the instant Motion for Summary Judgment on January 12, 2016. Plaintiff opposed the motion on January 19.

## **PARTIES' ARGUMENTS**

In their motion, Defendants argue that Plaintiff must show that Defendants acted with gross negligence in order to recover. A Louisiana statute provides limited immunity for Mardi Gras krewes and their members and holds them responsible only for injuries caused by gross negligence. Defendants claim that the uncontroverted evidence shows that Defendants did not act with gross negligence. The evidence shows that Brunet and the other riders wore harnesses and that Brunet only removed his harness to use the bathroom. Brunet and another witness testified that Brunet slipped on a wet bag of beads, causing him to fall and strike Plaintiff. Further, Defendants argue that Plaintiff failed to adduce evidence showing that Brunet's fall was caused by intoxication.

In his opposition, Plaintiff focuses on Brunet's and Pitre's alcohol consumption. At the time of the accident, Brunet was twenty years old. Plaintiff argues that Brunet drank heavily the night before the parade and continued drinking during the parade. He claims that the Krewe knew about and sanctioned Brunet's underage drinking. The Krewe also provided alcoholic beverages before and during the parade. According to Plaintiff, the Krewe does not have any rules regarding underage drinking. Plaintiff also argues that Pitre was heavily intoxicated and was unable to properly supervise the riders. Further, Plaintiff compares the gross negligence standard to the criminal negligence standard. In criminal cases, courts have found that driving while intoxicated constitutes criminal negligence. Thus, Plaintiff claims that intoxication constitutes gross negligence for purposes of imposing liability under to Mardi Gras immunity statute.

### **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains

4

from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or

referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Louisiana law expressly limits the liability of Mardi Gras krewes and their members as follows:

> [N]o person shall have a cause of action against any krewe or organization, . . . or any member thereof, which presents Mardi Gras parades . . . for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades or courirs presented by such krewe or organization, unless said loss or damage was caused by the *deliberate and wanton act or gross negligence* of the krewe or organization, or any member thereof as the case may be . . . .

La. Rev. Stat. Ann. § 9:2796 (emphasis added). In this context, "gross negligence" is defined as a "want of even slight care and diligence" or an "entire absence of care," amounting to "wanton or reckless behavior." *Palmer v. Zulu Social Aid and Pleasure Club, Inc.*, 63 So.3d 131, 138 (La. Ct. App. 2010) (citing *Ambrose v. New Orleans Police Dept. Ambulance Serv.*, 639 So. 2d 216 (La. 1994)) (internal quotation marks omitted). In *Ambrose*, the Louisiana Supreme Court provided an extensive definition of gross negligence:

> Gross negligence has been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to

6

> exercise." Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care." "There is often no clear distinction between such [willful, wanton, or reckless] conduct and 'gross' negligence, and the two have tended to merge and take on the same meaning." Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence.

*Ambrose*, 639 So. 2d at 219-20 (internal citations omitted).

In cases arising under the Mardi Gras immunity statute, courts have rarely found that parade sponsors or krewe members acted with gross negligence. The Louisiana Fourth Circuit Court of Appeal held that a genuine issue of material fact existed as to gross negligence when a krewe member threw a coconut a "considerable distance in an overhand fashion from a Mardi Gras float as it turned a corner." *Brown v. Lee*, 929 So. 2d 775, 778 (La. Ct. App. 2006). However, this Court could not find any other decision holding a krewe or its members liable for gross negligence. In one notable case, the Louisiana First Circuit Court of Appeal held that a krewe was not grossly negligent when one of its drivers drank alcohol before driving in the parade, even though the driver had a medical condition that caused him to occasionally lose consciousness. *Binkley v. Landry*, 811 So. 2d 18, 26 (La. Ct. App. 2001).

7

In this case, Plaintiff's allegations of gross negligence center on the intoxication of Pitre and the underage Brunet. Louisiana courts have recognized a strong state policy against underage drinking. The state has a "significant interest" in regulating "underage drinking in order to protect the public health and general welfare." *Stewart v. Daiquiri Affair, Inc.*, 20 So. 3d 1041, 1046 (La. Ct. App. 2009). The Louisiana Supreme Court has recognized:

> [T]he difference between selling and serving alcohol to an adult and a minor is tremendous. Legislation has been enacted specifically pertaining to the sale of alcohol to minors . . . . It further evidences the public policy of this state to prohibit the sale of alcohol to minors and to protect minors and the general public from the effects of a minor's intoxication, particularly when the minor is operating an automobile.

*Berg v. Zummo*, 786 So. 2d 708, 715 (La. 2001). However, Louisiana law allows a person under twenty-one to drink when accompanied by a parent, legal guardian, or spouse who is over twenty-one. La. Rev. Stat. § 14:93.10. A parent, legal guardian, or spouse can also purchase alcohol for a person under twenty-one. La. Rev. Stat. § 14:93.13. Given this policy determination made by the state, Brunet was not grossly negligent merely for drinking alcoholic beverages while accompanied by his father. On that same token, the Krewe was not grossly or wantonly negligent simply for allowing an underage member to drink alcohol in his parent's presence.

Moreover, the facts of this case do not support Plaintiff's claims that Brunet's or Pitre's intoxication caused his injuries. First, the evidence does not reveal that Brunet was seriously intoxicated. Brunet testified in a deposition that he drank two beers between about 7:00 a.m. and 10:00 a.m. He drank another beer while untarping the float. The parade began to roll at 11:00 a.m., and Brunet testified that he drank three beers during the route. The accident occurred sometime in the afternoon.

Despite Brunet's admission to consuming beer, Plaintiff introduced no evidence showing that Brunet was heavily intoxicated or that he fell from the float due to intoxication. Instead, Plaintiff points out that Brunet used the bathroom two or three times before the accident and speculates that he had been drinking excessively. This speculation does not create a genuine issue of material fact. Further, Plaintiff's drinking was neither wanton nor reckless. Plaintiff wore his harness for the duration of the parade, only removing it to use the bathroom. He waited until the float had stopped to unharness himself. Also, he had successfully reached the bathroom two or three times before the accident, which suggests that his fall was not caused by the consumption of alcohol. The criminal negligence cases cited by Plaintiff are not on point. In each of those cases, the intoxicated person engaged in reckless, wantonly careless activity by driving while heavily intoxicated.

9

Second, the evidence does not show that Pitre's intoxication caused Plaintiff's injuries, much less that Pitre was grossly negligent. The uncontroverted evidence shows that Pitre drank vodka and beer during the parade. At the time of the accident, he was sitting down and drifting in and out of consciousness. However, despite the uncontroverted fact that Pitre was intoxicated, Plaintiff introduced no evidence to show that Pitre's intoxication caused his injuries. The evidence shows that Brunet slipped on a bag of beads, which caused him to fall. Given the weather conditions and the fact that the float did not have a roof, Pitre could not have prevented the accident even if he had been sober. Thus, his intoxication was not a legal cause of Plaintiff's injuries.

Plaintiff failed to show that Defendants acted with gross negligence, or that Pitre's intoxication caused his injuries. Therefore, Defendants are shielded from liability pursuant to the Mardi Gras immunity statute.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that oral argument, set for January 27, 2016, is **CANCELED**.

New Orleans, Louisiana, this 26th day of January, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE